UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RODGER ADAMS, JR., a/k/a
DONALD WARE,

    Petitioner,

v.                                           CASE NO. 3:10-cv-701-J-32JRK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

### I. Status

Petitioner, an inmate of the Florida penal system, initiated this action by filing a *pro se* Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Doc. #7) (hereinafter Memorandum of Law). Petitioner challenges his 2008 state court (Duval County) conviction for trafficking in cocaine. Petitioner raises the following grounds: (1) trial counsel was ineffective through all phases of the proceeding, including (a) investigation, (b) discovery, (c) plea negotiation, (d) DEA assistance, (e) revocation of his release, (f) sentencing, and (g) post-sentencing; (2) the trial court erred by violating the plea agreement when it failed to granted Petitioner a downward departure sentence; (3) the State violated Petitioner's constitutional rights when it committed plain error pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure and failed to seek a reduction in his sentence; (4) the plea agreement violated contract principles and should be set aside; (5)

the trial court improperly revoked his release; (6) the evidence supporting the crime is circumstantial and insufficient to support a conviction; (7) the evidence does not support a conviction because the State could not prove constructive possession; (8) the trial court erred and counsel was ineffective for advising him that he faced a life sentence if convicted at trial; and (9) the trial court violated Florida Rule of Criminal Procedure 3.170.

Respondents have responded to the Petition. See Answer in Response to Order to Show Cause (Doc. #28) (hereinafter Response).[1]  Petitioner has replied (Doc. #29) (hereinafter Reply) and filed an addendum to the reply (Doc. #30). Thus, the Petition is ripe for review.[2]

## II.  Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

---

[1] The Court hereinafter refers to the exhibits submitted in support of the Response as "Ex." See Index to Appendix (Doc. #28) (containing Exhibits 1-3).

[2] Respondents fully set forth the procedural history, see Response at 1-5, and assert that the Petition was timely filed (Doc. #28 at 1-5).  Therefore, the Court will not repeat the procedural history.

### III.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).  "By its terms [28 U.S.C. ] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions."  Harrington v. Richter, 131 S.Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision[3] "was contrary to" federal law then clearly established in the holdings of [the United States Supreme] Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Id. at 785.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)."  Schriro, 550 U.S. at 473-74.  "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts."  Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

---

[3] In Harrington, 131 S.Ct. at 785, the Court "h[eld] and reconfirm[ed] that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"

## IV.  Applicable Ineffectiveness Law

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense."  Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness."  [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052.  A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance.  Id., at 689, 104 S.Ct. 2052.  The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id., at 694, 104 S.Ct. 2052.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."  Id., at 693, 104 S.Ct. 2052.  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id., at 687, 104 S.Ct. 2052.

Harrington, 131 S.Ct. at 787-88.  In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."  Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-

versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[4], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

### V. Findings of Fact and Conclusions of Law

#### A. Grounds One (b), (e), (f), (g), Two, Three, Four, Six, Seven, and Eight

Petitioner contends that: trial counsel was ineffective during discovery, during the revocation of his pretrial release, at sentencing, and after sentencing (claims one (b), (e), (f), and (g); the trial court erred by violating the plea agreement by failing to grant Petitioner a downward departure sentence (claim two); the State committed plain error when it failed to seek a reduction in his sentence (claim three); the plea agreement violated contract principles and should be set aside (claim four); the evidence supporting the crime is circumstantial and insufficient to support a conviction (claim six); the State failed to prove constructive possession (claim seven), and the trial court erred and counsel was ineffective for advising him that he faced a life sentence if convicted at trial (claim eight). See Petition at 5-7; Memorandum of Law at 1-15, 26-30. Respondents argue that these claims are unexhausted and thus, procedurally barred, because they were not raised on direct appeal or in Petitioner's motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter 3.850 motion) (Ex. 1). This Court agrees that the above

---

[4] Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

grounds were not presented to the state court.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.'" Id. at 1281 (quoting O'Sullivan, 526 U.S. at 845).

Petitioner did not argue claims one (b),(e), (f), (g), two, three, four, six, seven, and eight in the state court. It would be futile to dismiss this case to give Petitioner the opportunity to exhaust his claims because they could have and should have been raised on direct appeal or in the 3.850 motion. Accordingly, Petitioner's claims have been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004). "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of

6

"'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the application of the fundamental miscarriage of justice exception. Thus, the Court will not address Petitioner's procedurally barred claims.

## B. Claims One (a), (c), and (d)

Petitioner alleges that trial counsel was ineffective during plea negotiations, for failing to investigate prior to entry of his plea, and for failing to properly advise him regarding his substantial assistance agreement. See Petition at 5; Memorandum of Law at 1-3. Petitioner does not identify with specificity what counsel should have investigated, why counsel's actions were deficient during plea negotiations, or what counsel failed to advise Petitioner regarding his substantial assistance agreement. Petitioner raised these ineffectiveness claims in his 3.850 motion. See Ex. 1 at 4-8. The circuit court denied the 3.850 motion, however, it did not specifically address all of Petitioner's claims. See id. at 29-30. In denying relief, the circuit court addressed the claims follows:

> In his Motion, the Defendant alleges ineffective assistance of counsel because his attorney failed to convey information to him, including the possible penalties he could receive for the charges or the consequences of the plea. That his attorney made promises and representations to him to enter his plea [sic]. During the plea hearing, the Defendant testified under oath that he was entering a plea because he was guilty. (Exhibit "C") The Defendant's plea negotiation was set forth in full on the plea of guilty form (Exhibit "A") and in the plea dialogue with the Defendant [.] (Exhibit "C") This Court finds that the Defendant acknowledged his reasoning for entering the plea and understood the penalties he faced for his actions. A defendant may not seek to go behind his sworn testimony at a

7

> plea hearing in a post conviction motion. Stano v. State, 520 So. 2d 278 (Fla. 1988); Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991): Bir v. State, 493 So. 2d 55 (Fla. 1st DCA 1986). Therefore, this Court finds that the Defendant has failed to establish error on the part of counsel or prejudice to his case. Strickland, 466 U.S. 668. The Defendant's only ground for relief is denied.

Ex. 1 at 29-30. Petitioner appealed the denial of his 3.850 motion, and the First District Court of Appeal affirmed, per curiam, without issuing a written opinion. Ex. 3.

Because Petitioner's claims were properly presented to the state court but the state court did not adjudicate the claims on the merits, this Court is not required to defer to the state court decision and must review the claims de novo. See Cone v. Bell, 552 U.S. 449, 472 (2009).

As an initial matter, the Court notes that the Petition does not contain a factual recitation to support these claims. An application for relief pursuant to 28 U.S.C. § 2254 requires fact pleading. Vague and conclusory claims failing to state which facts would demonstrate an entitlement to relief can be dismissed without further consideration. Blackledge v. Allison, 431 U.S. 63 (1977); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, speculative, or unsupported claims cannot support an allegation of ineffective assistance of counsel). Alternatively, to the extent that Petitioner intended to allege the same claims as those raised in the 3.850 motion, the Court concludes that Petitioner's claims are without merit.

### 1. Subclaim (a)

With respect to subclaim (a), Petitioner alleged in his 3.850 motion that trial counsel was ineffective for failing to investigate the circumstances surrounding the crime. Ex. 1 at 7. Petitioner maintained that he could not be convicted of trafficking in cocaine because

there is no evidence that he had knowledge of the cocaine, nor was the cocaine in his possession or control. Id. Petitioner asserted that had counsel investigated this matter, he could have filed a motion to suppress the cocaine, and therefore, the outcome of this case would have been different. Id.

The plea agreement provides that Petitioner understood he was waiving his right to have the State prove the case against him and confront witnesses, among other matters. Id. at 32. The plea agreement also states that Petitioner discussed the case with his attorney, including any defenses to the charges, his attorney has taken all actions requested or explained to his satisfaction why such actions should not be taken, and Petitioner agrees with his attorney's decision in that regard. Id. at 33. Petitioner signed the plea agreement, acknowledging that he read and understood the entire agreement, including the rights he was giving up. Id.

During Petitioner's plea colloquy, he admitted a factual basis to the charge. Id. at 45. The prosecutor read the following factual basis for the crime:

> Yes, Your Honor. Had this case proceeded to trial, the State would have been prepared to prove beyond a reasonable doubt that Roger Adams, also known as Donald Nathan Ware, Jr., on the 29th of August in 2006, in the county of Duval and the state of Florida, did knowingly sell, purchase, manufacture, deliver, or bring into the state or was knowingly in actual or constructive possession of 28 grams or more of cocaine, or a mixture containing cocaine, to wit, 400 grams or more but less than 150 kilograms, contrary to the provisions of Section 893.135(1)(b)(1)(c) Florida Statutes.

Id. at 46. Petitioner was present during the reading of the factual basis, and he did not object at any point or state that he had no knowledge of the presence of cocaine when he was arrested. Id. In fact, Petitioner told the circuit court, under oath, that he understood

the charges and wanted to plead guilty. Id. at 47-48. Moreover, Petitioner told the circuit court that he was satisfied with his attorney's performance and that counsel had thoroughly investigated all possible defenses he might have had to the charge. Id. at 48.

Petitioner's statements to the circuit court refute his own claim. Petitioner's representations to the Court constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge, 432 U.S. at 73-74. Petitioner had the opportunity to tell the state court that he did not agree with the factual basis for his plea or that he wished for counsel to further investigate his case, however, Petitioner failed to do so. Petitioner is bound by his sworn statements to the trial court and cannot now disavow those statements. The Court therefore concludes that Petitioner's claim is without merit.

### 2. Subclaims (c) and (d)

Petitioner contends that trial counsel was ineffective during plea negotiations for failing to properly advise him with regard to the substantial assistance agreement he made with the State. Petition at 5; Memorandum of Law at 1. In his 3.850 motion, Petitioner alleged counsel misadvised him with respect to the substantial assistance agreement and failed to renegotiate his plea after he provided substantial assistance. Ex. 1 at 7.

The plea document provides for a negotiated sentence of five to twenty years in prison in exchange for a guilty plea. Id. at 32. The agreement also states that as a condition of the plea, Petitioner agreed to provide truthful testimony against any or all defendants in any case which he provides substantial assistance for law enforcement. Id. The plea further provides that Petitioner is to make weekly telephone or personal contact with the lead detective assigned to his case for which he is attempting to provide

10

substantial assistance. Id. Finally, the agreement states that if Petitioner fails to provide substantial assistance, fails to give truthful testimony, fails to appear for a court date, or is arrested for a new crime, the guilty plea will stand but Petitioner will not receive the benefit of the negotiated sentence. Id. As noted supra, Petitioner signed the plea agreement, thereby agreeing that he had read the agreement and understood its provisions. Id. at 33. Petitioner also stated on the record that he had read the agreement and understood its content. Id. at 49-51.

Petitioner has not demonstrated that he was misadvised with respect to the substantial assistance agreement. Petitioner does not explicitly allege in what regard counsel misadvised him.[5] During the plea colloquy, Petitioner stated that he understood the maximum sentence he faced and the negotiated sentence. Id. at 47-48, 51. Moreover, Petitioner has not shown that counsel acted deficiently for failing to renegotiate the plea. Despite Petitioner's contention, the plea agreement did not guarantee Petitioner a lesser sentence if he provided substantial assistance to the police.[6] Petitioner was sentenced

---

[5] Although Petitioner alleged in his 3.850 motion that counsel advised him that he would not get more than a three-year sentence, Petitioner does not allege this fact in the instant proceeding. Ex. 1 at 4. Additionally, the Court notes that during the plea colloquy, Petitioner was advised that he faced a sentence of five year to twenty years as a habitual felony offender. Id. at 45. Petitioner told the state court that he understood the potential sentence he was facing and advised the court that his attorney had not promised anything other than what was stated in the negotiated plea. Id. at 47-48. Petitioner did not tell the court that counsel had promised to renegotiate his plea or that he promised Petitioner he would receive a three-year sentence. Petitioner is bound by his sworn statements to the trial court and cannot ignore those statements in this Court. See Blackledge, 432 U.S. at 73-74.

[6] Section 893.135(4), Florida Statutes, provides that "[t]he state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of that person's accomplices, accessories, coconspirators, or principles

within the range specified in the negotiated plea. Petitioner has neither alleged nor shown that he provided substantial assistance to police. Furthermore, even if Petitioner had assisted the State in obtaining an arrest or conviction, the State was not required to renegotiate the plea or recommend a sentence below the agreed-upon sentencing range. See § 893.135(4), Fla. Stat. & Ex. 1 at 33 (noting that the matter of substantial assistance is left to the discretion of the prosecutor). Thus, to the extent Petitioner alleges that the State breached the plea agreement, Petitioner's argument is without merit.

Additionally, Petitioner cannot demonstrate prejudice in that he cannot prove that but for counsel's actions, he would have gone to trial instead of entering a plea. Petitioner received an eight-year sentence and was facing a potential life sentence as a habitual felony offender. See § 893.135(1)(b) (2006); § 775.084(1) (a); (4)(a), Fla. Stat. (2006).[7] Therefore, Petitioner's claim fails.

### *C. Claim Five*

Petitioner contends that the trial court improperly revoked his pretrial release. Memorandum of Law at 7. In support of this claim, Petitioner argues that because the trial court improperly revoked his release on personal recognizance, he could not complete his substantial assistance, which thus violated the plea agreement. Id. Petitioner raised this claim in his 3.850 motion. Ex. 1 at 5. The circuit court did not address this claim in its order denying the 3.850 motion. Id. at 29-30. The First District Court of Appeal affirmed, per curiam, without written opinion. Ex. 3. As noted supra, because there is no qualifying

---

or of any other person engaged in trafficking in controlled substances." (emphasis added).

[7]Petitioner stipulated that he qualified as a habitual felony offender, and he has not alleged with specificity why he does not qualify as such. Ex. 1 at 32, 36

12

state court decision, the Court reviews this claim de novo.  See Cone, 552 U.S. at 472.

At the plea hearing held on April 10, 2007, the trial court noted that Petitioner was released on a $75,003 bond.  Ex. 1 at 52-53.  The circuit court entered an order revoking Petitioner's bond on April 18, 2007 (Doc #21, Ex. E).  The record gives no indication why Petitioner's bond was revoked.

Pursuant to Florida law, "[a] plea agreement is a contract and the rules of contract law are applicable to plea agreements." Armstrong v. State, 985 So. 2d 1156, 1158 (Fla. 3d DCA 2008) (quotation omitted).  "Where the terms of a contract are clear and unambiguous, the express terms control."  Id.  The terms of Petitioner's plea agreement are clear and unambiguous.  Ex. 1 at 32-33.  The plea agreement does not contain a clause prohibiting the circuit court from revoking Petitioner's pretrial release.  See Ex. 1 at 32-33.  Therefore, Petitioner cannot establish that the plea agreement was breached by the revocation of his pretrial release.  Petitioner is not entitled to relief on this claim.

### *D. Claim Nine*

In Petitioner's final claim he alleges that the trial court violated Florida Rule of Criminal Procedure 3.170. Memorandum of Law at 26-28.  Specifically, Petitioner contends that his plea should have been automatically withdrawn when the plea agreement was violated.  Id.  Petitioner raised this claim in his 3.850 motion.  Ex. 1 at 5.  The circuit court did not address this claim in its order denying the 3.850 motion.  Id. at 29-30.  The First District Court of Appeal affirmed, per curiam, without written opinion. Ex. 3.  Because there is no qualifying state court decision, the Court reviews this claim de novo.  See Cone, 552 U.S. at 472.

Florida Rule of Criminal Procedure 3.170(l) provides that a defendant who pleads

guilty without reserving the right to appeal a legally dispositive issue may move to withdraw his plea after sentencing, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e). Rule 9.140(b)(2)(A)(ii) states that a defendant may challenge his guilty plea on the grounds that the trial court lacked subject matter jurisdiction, the plea agreement was violated, the plea was involuntary, a sentencing error occurred, or as otherwise provided by law.

Petitioner argues that the plea agreement was violated, entitling him to withdraw his plea. However, as the Court noted supra, there is no indication that the plea agreement was violated in any manner. The plea agreement did not provide for a sentence below the agreed-upon range of five to twenty years in prison even if Petitioner provided substantial assistance to the State. Moreover, the plea agreement did not prohibit the revocation of Petitioner's pretrial release. Although Petitioner argues that he did not receive any benefit from the negotiated plea, the Court concludes to the contrary. Petitioner faced up to life in prison as a habitual felony offender, and by entering into the agreement, he was sentenced to eight years in prison. Petitioner has not shown that he was entitled to withdraw his plea.[8] Thus, Petitioner is not entitled to relief on this claim.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH**

---

[8]Petitioner also cannot avail himself of the protection offered by Florida Rule of Criminal Procedure 3.172(h) (providing a defendant may withdraw a negotiated plea when the trial judge does not concur with the terms). The trial court did not disagree with the terms of Petitioner's negotiated plea and sentenced Petitioner within the agreed-upon sentencing range.

**PREJUDICE**.

2.  The **Clerk of the Court** shall enter judgment denying the Petition and dismissing this case with prejudice and close this case.

3.  If Petitioner appeals this Order, the Court denies a certificate of appealability.[9] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of March, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

OrlP-3 7/23
c:
Rodger Adams, Jr.
Counsel of Record

---

[9] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Here, after consideration of the record as a whole, a certificate of appealability is not warranted.